IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KENNETH WAYNE WITT,
    Plaintiff,

vs.                                           Case No.: 5:13cv285/LAC/EMT

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,
    Defendant.
_____/

**REPORT AND RECOMMENDATION**

       This matter is before the court upon Plaintiff's Unopposed Petition for Attorney Fees Pursuant to the Equal Access to Justice Act ("EAJA") (doc. 21) and a response thereto filed by Defendant Carolyn W. Colvin (hereafter, "the Commissioner"), in which the Commissioner confirms that she has no objection to any aspect of Plaintiff's motion (doc. 20).

-     Eligibility for Award of Fees

       The EAJA, 28 U.S.C. § 2412, allows for the award of attorney fees and certain costs against the government provided: 1) the party seeking such fees is the "prevailing party" in a civil action brought by or against the United States, and that party's net worth is less than two million dollars; 2) an application for such fees, including an itemized justification for the amount requested, is timely filed within thirty days of the final judgment in the action; 3) the position of the government is not substantially justified; and 4) no special circumstances make an award unjust.  The absence of any one of the above factors precludes an award of fees.  28 U.S.C. § 2412(d)(l)(A), (B).

       In this case, there is no disagreement between the parties as to Plaintiff's minimal net worth and status as a "prevailing party."  Indeed, with respect to the latter factor, in Shalala v. Schaefer, 509 U.S. 292 (1993), the Court held that a social security plaintiff who obtained a remand reversing the Commissioner's decision under sentence four of 42 U.S.C. § 405(g)—as Plaintiff did here (*see*

docs. 17, 18)—was the prevailing party and as such was entitled to attorney fees and expenses under the EAJA.  Moreover, the parties do not dispute—and the court finds—that the instant motion was timely filed and that the Commissioner's position was not substantially justified (*see* doc. 17).  Finally, the court finds that no special circumstances make an award unjust, especially considering that the Commissioner agrees EAJA fees should be paid in this case.  Accordingly, an award of fees is appropriate.

- Amount of Fees

With regard to the question of the reasonableness of the fee sought, 28 U.S.C. § 2412(d)(2)(A) states:

> (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.)

Here, Plaintiff seeks an award based upon an hourly rate of $187.02 for work performed by his counsel in 2013, based upon changes in the Consumer Price Index ("CPI").  The undersigned concludes that the rate requested is reasonable.  *See, e.g.*, Brungardt v. Comm'r of Soc. Sec., 234 F. App'x 889, 891 (11th Cir. 2007) (unpublished) (finding proper an EAJA award based upon an hourly rate of $147 for work done in 2005 and 2006 and noting "that 'a court is itself an expert on the question [of a reasonable hourly rate] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.'") (citing Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988)); *see also, e.g.*, Facine v. Barnhart, Case No. 5:02cv26/MD (N.D. Fla. 2004) (finding compensation at the rate of $145.00 per hour reasonable for work performed in 2001 through 2004); Godwin v. Barnhart, Case No. 3:04cv298/RV/EMT (N.D. Fla. 2006) (finding compensation at the rate of $147.63 per hour reasonable, based upon a change in the CPI, for work performed in 2004 and 2005).  The undersigned also concludes that the hours expended by Plaintiff's counsel on Plaintiff's behalf (i.e., 26.2) are reasonable.  Accordingly, a fee

award in the amount of $4,900.00 (26.2 hours x $187.02 = $4,899.924), as agreed upon by the parties, is appropriate.

- Whether the Award is Payable to Plaintiff or His Counsel

The remaining question concerns to whom the EAJA award is payable. In <u>Astrue v. Ratliff</u>, 560 U.S. 586, 130 S. Ct. 2521, 177 L. Ed. 91 (2010), the Supreme Court resolved a split among certain Circuit Courts of Appeal and held that an award of "fees and other expenses" to a "prevailing party" under § 2412(d) is payable to the litigant, not to the litigant's attorney. *See also* <u>Reeves v. Astrue</u>, 526 F.3d 732 (11th Cir. 2008) (same). The Court further held that because the EAJA award was "payable to the litigant," the government could offset a claimant's qualifying debt (to the United States) against that award. <u>Ratliff</u>, 560 U.S. 686, 130 S. Ct. 2521, 2528–29.[1] The award in this case is therefore properly payable to Plaintiff, as the "prevailing party," assuming an award remains after any qualified debts have been satisfied. The court will, however, direct that any award be mailed to the office of Plaintiff's counsel, so that he and Plaintiff may mutually implement their fee agreement without this court's involvement.

Accordingly, it respectfully **RECOMMENDED** that Plaintiff's Unopposed Petition for Attorney's Fees Pursuant to the Equal Access to Justice Act (doc. 21) be **GRANTED** as follows:

> Plaintiff, Kenneth Wayne Witt, shall recover fees in the amount of $4,900.00, for time expended by his counsel in representing him before the United States District Court for the Northern District of Florida pursuant to 28 U.S.C. § 2412 ("EAJA"). If Plaintiff receives all or any portion of the EAJA fee award, it shall be mailed to him in care of his attorney, Riley Louis Fenner, 220 Snow Hill Road, Appleton, ME 04862.

At Pensacola, Florida, this 25th of August 2014.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] In <u>Ratliff</u>, the Court was not required to address whether its decision would have been different if the claimant had assigned her right to the EAJA award directly to her attorney, as Plaintiff has done in the instant case.

Case No.: 5:13cv285/LAC/EMT

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**